IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DOROTHY CONTI and BERNARD R. CONTI,

      Plaintiffs,

   -vs-                                                                          No. CIV 96-1439  LH/DJS

WAL-MART STORES, INC., and CYNDI
FUSSELMAN,

      Defendants.

## MEMORANDUM OPINION AND ORDER

    **THIS MATTER** comes on for consideration of Defendants' Motion for Rule 11 Sanctions (Docket No. 71), filed September 30, 1997.  The Court, having considered the Motion, the record, and the applicable law and otherwise being fully advised, finds that the Motion is well taken and will be **GRANTED**.

    Defendants move for sanctions against Plaintiffs and/or their attorneys for their conduct in submitting their Motion for Rule 11 Sanctions (Docket No. 64).  Plaintiffs filed the Motion for Sanctions at 3:05 p.m. on August 20, 1997, the day before the Court held an evidentiary hearing on Defendants' Motion to Strike Plaintiffs' Expert Witnesses (Docket No. 41), filed May 27, 1997, pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).  Plaintiffs' response to the Motion to Strike was cursory, at best, and at the hearing on August 21st the Court noted that Plaintiffs' Motion for Sanctions was an obvious attempt to avoid the rules by supplementing their response to the Motion to Strike at the last minute, through "the back door."

(Tr. at 16, filed Sept. 25, 1997.)  Accordingly, the Court denied Plaintiffs' Motion for Sanctions, stating that it was Plaintiffs, not Defendants, who should be sanctioned.  (*Id.*)

In response to Defendants' Motion for Sanctions, Plaintiffs contend that Defendants' prompt response to Plaintiffs' Motion for Sanctions fortuitously resulted in the motion packet being filed on August 20th.  This argument is without merit.  Plaintiffs served their Motion for Sanctions on Defendants on August 1, 1997.  Under the Local Rules, Defendants had fourteen days in which to respond.  D.N.M.LR-Civ. 7.6.  Defendants served their Response on Plaintiffs on August 15th and Plaintiffs filed the motion packet, which included their Reply, on August 20th.  It was Plaintiffs' action, not Defendants', in taking less than the fourteen days allowed to reply, *id.*, which resulted in the packet being filed on the eve of the hearing.  Plaintiffs further mischaracterize these events: "[A]lthough the twenty-one days [to reply] had not yet elapsed, [Plaintiffs'] counsel received permission from the Court's staff to file the packet."  (Pls.' Resp. Defs.' Mot. Rule 11 Sanctions at 2-3.)  Plaintiffs' decision as to when and what to file was certainly theirs alone to make, requiring no permission from the Court's staff.

Plaintiffs additionally maintain that their Motion for Sanctions was not improper, while Defendants' Motion for Sanctions is, and that their Motion actually benefitted Defendants by giving them advance notice of Plaintiffs' argument at the *Daubert* hearing.  (*Id.* at 3, 5.)  They also state that they "did not file their Motion for Rule 11 Sanctions *solely* to attempt to submit further briefing to the Court."  (*Id.* at 5 (emphasis added).)  And finally, Plaintiffs claim that defense counsel would have had to spend the 9.1 hours for which they request compensation to prepare for the *Daubert* hearing, even if Plaintiffs had not filed their Motion.  (*Id.* at 6.)

The Court is no more convinced by Plaintiffs' arguments here, than it was at the *Daubert* hearing, that Plaintiffs' Motion for Sanctions was brought for proper purpose. *See* FED. R. CIV. P. 11(b)(1). Therefore, Defendants' Motion for Sanctions will be granted against Plaintiffs' counsel in the amount of $1,695.50. The Court finds that this sum constitutes reasonable attorneys' fees and other expenses incurred by Defendants as a direct result of Plaintiffs' violation of Rule 11 and that it is sufficient to deter repetition by Plaintiffs or others of such conduct. *See id.* 11(b)(2).

**IT IS HEREBY ORDERED** that Defendants' Motion for Rule 11 Sanctions (Docket No. 71), filed September 30, 1997, is **GRANTED against Plaintiffs' counsel** in the amount of **$1,695.50**.

_____
**UNITED STATES DISTRICT JUDGE**