# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DOROTHY CONTI and BERNARD R. CONTI,

    Plaintiffs,

  -vs-                                                                                         No. CIV 96-1439 LH/DJS

WAL-MART STORES, INC., and CYNDI
FUSSELMAN,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiffs' Motion to Review Clerk's Order Settling Costs (Docket No. 171), filed April 30, 1999. The Clerk's Order allowed costs totaling $8,894.74 to Defendants and disallowed costs totaling $2,146.06. Defendants have not objected to the Order. The Court, having considered Plaintiffs' Motion, the accompanying memoranda, and the applicable law, and otherwise being fully advised, finds that the Motion is well taken in part and will be **granted in part** and **denied in part**.

The Court reviews the Clerk's assessment of costs *de novo*. *Furr v. AT & T Technologies, Inc.*, 824 F.2d 1537, 1550 n.11 (1987). Federal Rule of Civil Procedure 54 states that "costs *shall* be allowed as of course to the prevailing party unless the court otherwise directs,"(emphasis added), creating a presumption in favor of awarding costs when they are statutorily authorized pursuant to 28 U.S.C. § 1920. *See* Furr, 824 F.2d at 1340 n.8; *U.S. Indus., Inc. v. Touche Ross*

*& Co.*, 854 F.2d 1223, 1245 (10th Cir. 1988). The non-prevailing party bears the burden in overcoming this presumption. *Serna v. Manzano*, 616 F.2d 1165, 1167 (10th Cir. 1980).

Section 1920 provides in part:

> A judge or clerk of any court of the United States may tax as costs the following:
> . . . .
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for . . . copies of papers necessarily obtained for use in the case . . . . .

28 U.S.C. § 1920. In conjunction with these rules, the Local Rules for the District of New Mexico provide in part:

> **(b) Deposition Costs.**
> **(1) Reporter's Transcript Fees.** The reporter's charge for the original or a copy of a deposition transcript is taxable when the deposition is reasonably necessary to the litigation.
> **(2) Reasonably Necessary to the Litigation.** A deposition is reasonably necessary to the litigation when:
> **(A)** a substantial portion of the deposition is admitted into evidence or used at trial for impeachment purposes;
> . . . .
> **(C)** the Court so determines.
> **(c) Witness Costs.**
> **(1) Lay Witness.**
> **(A)** The rates for witness fees, mileage and subsistence are set by statute and are taxable if the witness testifies . . . at a deposition found reasonably necessary to the litigation. . . .
> . . . .
> **(f) . . . Charts, . . . Photographs . . . .** The cost of a photograph, 8" x 10" in size or less, is taxable if the photograph is admitted into evidence.
> . . . .

D.N.M.LR-Civ.54.2.

Plaintiffs first question the Clerk's award of costs for the deposition of Dorothy Conti ($715.00), Bernard Conti ($370.00), Cyndi Fusselman Keck ($200.36), and Paul Blackburn, Alan Henley, and Dr. Michael Reed ($610.77) on grounds that Defendants did not show that a "substantial" portion of these depositions was admitted into evidence or used at trial for impeachment purposes, as required by D.N.M.LR-Civ. 54.2.(b)(2(A). The Clerk's Order Settling Costs states only that "[p]ortions of these depositions were read into the record at trial," (¶ 2), not "substantial portions."

"Section 1920 permits recovery for the costs of taking, transcribing, and copying depositions 'necessarily obtained for use in the case.'" *Furr*, 824 F.2d at 1550 (citing 28 U.S.C. § 1920(2), (4)). Thus, depositions taken "solely for discovery are not taxable as costs, but if the depositions were actually introduced in evidence or used at trial for impeachment purposes, then it is proper to conclude that they were necessarily obtained for use in the case." *Id.* (internal quotations omitted) (quoting Bartell, *Taxation of Costs and Awards of Expenses in Federal Court*, 101 F.R.D. 553, 569 (1984)).

Whether a deposition has been necessarily obtained is a question of fact to be determined by the Court. *See Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1340 (10th Cir. 1998)(citing *U.S. Indus.*, 854 F.2d at 1245). While the "most direct evidence of 'necessity' is the actual use of the materials obtained by counsel or by the court," the Court may find necessity and award costs for materials reasonably necessary for use in the case, even if they are not used at trial. *Id.* (internal quotations omitted)(quoting *U.S. Indus.*, 824 F.2d at 1245-46).

Without quibbling over the degree of use of these depositions at trial, the Court finds that the costs of each was reasonably necessary to the litigation of this case. Dorothy Conti and Bernard

3

Conti were the plaintiffs in this pharmacy malpractice action, Cyndi Fusselman Keck a defendant, Paul Blackburn and Alan Henley pharmacist fact witnesses for Defendants and Wal-Mart employees, and Dr. Michael Reed Defendants' expert. The depositions of the last four individuals were taken by Plaintiffs. There is no question that these depositions were necessary to Defendants' litigation of this matter and Plaintiffs do not challenge the reasonableness of the amounts awarded.

Plaintiffs next object to the award of deposition appearance fees and mileage for Eugene Henebry ($40.00), Cindy Simonson ($44.80), Gwen Reed ($47.50), Eugene Henebry ($40.00), Diane Henebry ($40.00), and Gwen Reed ($40.50). Rates for witness fees and mileage are taxable if the witness testifies at a deposition found reasonably necessary to the litigation. *See* D.N.M.LR-Civ. 54.2(c)(1)(A).

Relying on Defendants admission that they were not used at trial, the Clerk did not allow costs for the depositions of Eugene Henebry, Cindy Simonson, and Gwen Reed. (Clerk's Order Settling Costs ¶ 3.) Defendants have not asked for reconsideration of this ruling. Furthermore, Diane Henebry was not deposed in this matter. Therefore, the Court will sustain Plaintiffs' objection on this issue and the total costs allowed by the Clerk will be reduced by $252.80.

Plaintiffs next object to the award of costs for copies of Dorothy Conti's medical records ($597.17); Bernard Conti's Arizona Court records, including a criminal records search for 1990-1994 ($23.00), sentencing records ($14.95), certified copies of sentencing records ($19.50), trial transcripts of the criminal conviction ($119.17); and exhibit books for each juror ($15.94 per copy). The Court affirms the Clerk's finding that all of these copies were "necessarily obtained for use in the case." (*Id.* ¶ 7 (quoting 28 U.S.C. § 1920(4).)

As noted above, this was a pharmacy malpractice case and medical causation of Dorothy Conti's stroke and her physical condition were at issue. Additionally, Plaintiff Bernard Conti put his credibility at issue by failing to fully disclose his criminal background in his answers to interrogatories and mischaracterizing his convictions at his deposition. That he subsequently admitted to his criminal convictions at trial did not negate the necessity that Defendants obtain this information for use in the case. Plaintiffs' contention that these documents were not essential to the case is disingenuous, at best. The Court is to "judge reasonable necessity under § 1920 . . . in light of the facts known to the parties at the time the expenses were incurred[, and] caution and proper advocacy may make it incumbent on counsel to prepare for all contingencies which may arise during the course of litigation." *Callicrate*, 139 F.3d at 1340.

Additionally, the Court finds that the multiple copies of the trial exhibits were helpful to each juror and are a recoverable litigation expense. *See Corbett v. National Prods. Co.*, Civ. A. No. 94-2652, 1995 WL 284248, at *4 (E.D. Pa. 1985)*; see also, e.g., Principe v. McDonald's Corp.*, 95 F.R.D. 34, 37 (E.D. Va. 1982)(costs of duplicating exhibits for each member of jury allowed as initial pretrial order directed that such be done and many aspects of trial otherwise would have been incomprehensible to jury); *Bordelon v. Winn-Dixie Stores of Louisiana, Inc.*, No. CIV. A. 97-0045, 1999 WL 236620, at *2 (E.D. La 1999)(as court routinely informed parties that they could provide copies of exhibits to each juror, defendant entitled to recover costs for copies of trial exhibits for eight jurors, witness, and plaintiff, even though case eventually tried as bench trial); *Baxter Int'l, Inc. v. McGaw, Inc.*, No. 95 C 2733, 1998 WL 102668, at *3 (N.D. Ill 1998)(ordinary practice, particularly in complex cases, for each juror to have notebook of all admitted exhibits; costs allowed for same and for copies for judge, law clerk, witness, opposing counsel, and defendant).

Plaintiffs final objection is that the award of $3,187.07 for the design of seven medical illustrations is excessive. These 8" by 10 and ½" diagrams of the human circulatory system were admitted into evidence and their costs are taxable pursuant to D.N.M.LR-Civ. 54.2(f). The Court agrees with Defendants that they were necessary to address Plaintiffs' theory of liability regarding Dorothy Conti's stroke, that they were helpful to the jury, and that their cost is reasonable.

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Review Clerk's Order Settling Costs (Docket No. 171), filed April 30, 1999, is **GRANTED IN PART** and **DENIED IN PART**:

1) The witness deposition fees and mileage for Eugene Henebry ($40.00), Cindy Simonson ($44.80), Gwen Reed ($47.50), Eugene Henebry ($40.00), Diane Henebry ($40.00), and Gwen Reed ($40.50) are not taxed against Plaintiffs and

2) Plaintiffs' Motion to Review Clerk's Order Settling Costs is denied in all other respects.

**IT IS FURTHER ORDERED** that costs are taxed against the Plaintiffs and in favor of the Defendants in the amount of $8,641.94.

_____
**UNITED STATES DISTRICT JUDGE**